Kathryn J. Halford [SBN 068141]
Email: khalford@wkclegal.com
Jeffrey L. Cutler [SBN 100639]
Email: jcutler@wkclegal.com
Elizabeth Rosenfeld [SBN 106577]
erosenfeld@wkclegal.com
Wohlner Kaplon Cutler Halford & Rosenfeld
16501 Ventura Blvd., Suite 304
Encino, CA 91436
(818) 501-8030, Ext. 331; Fax: (818) 501-5306

Jack R. Wilkerson [SBN 68025]
Attorney at Law
3500 Orangewood Ave.
Orange, California 92868
(714) 917-6080 Fax (714) 459-7882
email: jack@jwatty.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY HEALTH AND WELFARE TRUST FUND; BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY RETIREMENT TRUST FUND; BOARD OF TRUSTEES OF THE AIRCONDITIONING AND REFRIGERATION INDUSTRY DEFINED CONTRIBUTION RETIREMENT PLAN; BOARD OF TRUSTEES OF THE PIPING INDUSTRY PROGRESS AND EDUCATION FUND; BOARD OF TRUSTEES OF THE JOINT JOURNEYMAN AND APPRENTICE TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND and BOARD OF TRUSTEES OF THE INTERNATIONAL TRAINING FUND, | Case No. |
| | **COMPLAINT FOR:** |
| | 1. **BREACH OF COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA;** |
| | 2. **BREACH OF ERISA FIDUCIARY DUTIES;** |
| | 3. **ENGAGING IN PROHIBITED TRANSACTIONS; and** |
| | 4. **BREACH OF CONTRACT** |
| Plaintiffs, | |
| v. | |

SHELDON MECHANICAL
CORPORATION, a California corporation;
DANIEL J. BOUTE, an individual; and
STANLEY M. NISENSON an individual,

         Defendants.

1      Plaintiffs, Board of Trustees of the Airconditioning and Refrigeration Industry
2 Health and Welfare Trust Fund; Board of Trustees of the Airconditioning and
3 Refrigeration Industry Retirement Trust Fund; Board of Trustees of the
4 Airconditioning and Refrigeration Industry Defined Contribution Retirement Plan,
5 Board of Trustees of the Piping Industry and Progress and Education Fund: Board of
6 Trustees of the Joint Journeyman and Apprentice Training Trust Fund: Board of
7 Trustees of the Plumbers and Pipefitters National Pension Fund, and Board of Trustees
8 of the International Training Fund (collectively the "Trustees"), complain and allege:

9 **JURISDICTION AND VENUE**

10      1.    This Court has jurisdiction of the case pursuant to section 502(e)(1) of
11 the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29
12 U.S.C. § 1132(e)(1)], which grants the United States District Courts jurisdiction over
13 civil actions brought by a fiduciary pursuant to section 502(a)(3) of ERISA [29 U.S.C.
14 § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee
15 benefit plan governed by ERISA.  Such jurisdiction exists without respect to the
16 amount in controversy or the citizenship of the parties, as provided in section 502(f)
17 of ERISA [29 U.S.C. § 1132(f)].

18      2.    This Court also has jurisdiction of this case pursuant to section 301(a) of
19 the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C.
20 § 185(a)], which grants the United States original jurisdiction over suits for violation
21 of contracts between an employer and a labor organization in an industry affecting
22 commerce, without respect to the amount in controversy and the citizenship of the
23 parties.

24      3.    Venue is proper in this Court pursuant to section 502(e)(2) of ERISA [29
25 U.S.C. § 1132(e)(2)], and section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that
26 this is the district in which the plaintiffs' trust funds are administered, in which the
27 relevant acts took place, and in which monies are due and payable.

28

**PARTIES**

4.      Plaintiffs are the Boards of Trustees of the Airconditioning and Refrigeration Industry Health and Welfare Trust Fund; the Airconditioning and Refrigeration Industry Retirement Trust Fund; the Airconditioning and Refrigeration Industry Defined Contribution Retirement Plan, Joint Journeyman and Apprentice Training Trust Fund (the "Local Trusts"); the Plumbers and Pipefitters National Pension Fund (the "National Trust"), and Board of Trustees of the International Training Fund (the "International Trust"). (The Local Trusts, National Trust and International Trust are referred to collectively as the "Trusts"). The Local  Trusts are express trusts created pursuant to written agreements and declarations of trust (the "Trust Agreements") between  United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local Union 250 ("U.A. Local 250") and the Airconditioning and Refrigeration Contractors Association ("ARCA/MCA"). The International Trust and National Trust are express trusts created pursuant to written agreements and declarations of trusts ("the Trust Agreements") between the United Association and various employer associations across the United States.  The Trusts are now, and were at all times material to this action, labor-management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)]. The Piping Industry Progress Education Fund ('PIPE") is an express trust created pursuant to a written agreement and declaration of trust. It is a Labor Management Cooperation Committee established pursuant to section 302 (c)(9) of the LMRA [29 U.S.C. 186(c)(9)].

5.      The Trustees are "*fiduciar[ies]*" with respect to each of their respective Trusts as defined in section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)].

6.      At all times material herein, defendant Sheldon Mechanical Corporation ("Sheldon Mechanical") has been a corporation organized under the laws of the state of California, with a principal place of business located in Los Angeles County, California.

7.    Sheldon Mechanical is an "*employer*" engaged in "*commerce*" in an "*industry affecting commerce*," as those terms are defined and used in section 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1), 142(3)], and within the meaning and use of section 301(a) of the LMRA [29 U.S.C. § 185(a)] and is a party in interest with respect to the Trusts as defined by section 3(14)(a) of ERISA [29 U.S.C. § 1002(14)(a)].

8.    Plaintiffs are informed and believe and thereon allege that at all times material herein, defendants Daniel J. Boute ("Daniel Boute") and Stanley M. Nisenson ("Stanley Nisenson") have been responsible managing officers, corporate officers, corporate directors, controlling shareholders, and/or beneficial owners of Sheldon Mechanical and each is a party in interest with respect to the Trusts as defined by section 3(14)(a) of ERISA [29 U.S.C. § 1002(14)(a)]. Plaintiffs are informed and believe and thereon allege that Daniel Boute and Stanley Nisenson reside in Los Angeles County, California.

## EXECUTION OF BARGAINING AGREEMENTS

9.    Plaintiffs are informed and believe and thereon allege that at all times material herein, Sheldon Mechanical has been a member of the Airconditioning, Refrigeration and Mechanical Contractors Association of Southern California ("ARCA/MCA"), a multiemployer association.  As an ARCA/MCA member, Sheldon Mechanical authorized ARCA/MCA to act as its agent for the purposes of collective bargaining with District Council 16 and its representative local unions.  Through this bargaining authorization, Sheldon Mechanical became bound by the terms and conditions of the Southern California Airconditioning and Refrigeration Service Master Agreement Between ARCA/MCA and District Council 16 ("ARCA/MCA Agreement").  Plaintiffs are informed and believe and thereon allege, that at all times material herein Sheldon Mechanical has been bound to the terms and conditions of the ARCA/MCA Agreement.

10.    The terms and provisions of each of the Trust Agreements are

incorporated by reference into the ARCA/MCA Agreement.  At all times relevant to this action, Sheldon Mechanical has been bound to the terms and conditions of the Trust Agreements.

## POSSIBLE ADDITIONAL DEFENDANTS

11.    Plaintiffs are informed and believe, and thereon allege, that to avoid paying fringe benefit contributions, benefits and/or withholdings in violation of the ARCA/MCA Agreement, Trust Agreements and section 515 of ERISA [29 U.S.C. § 1145], Sheldon Mechanical, Daniel Boute, Stanley Nisenson, and one or more other entities or individuals, diverted or redirected employees and/or business affairs, assets or operations between one or more entities and/or individuals.  Plaintiffs are informed and believe, and thereon allege, that the other entities and/or individuals are presently unknown to Plaintiffs.  If Plaintiffs ascertain that any of the defendants or others have engaged in such activities, Plaintiffs will seek leave to amend this Complaint to include such entities and individuals as defendants.

12.    If Plaintiffs subsequently ascertain that one or more other entities or individuals is/are responsible, in whole or in part, for the day-to-day operations of Sheldon Mechanical, and/or is/are responsible, in whole or in part, for all, or a majority of, the decisions pertaining to the payment of fringe benefit contributions, to Plaintiffs, including decisions: (a) whether or not to pay such fringe benefit contributions, (b) if payment is to be made, when to pay such fringe benefit contributions, and/or (c) how to use such funds pending payment to Plaintiffs; Plaintiffs will seek to amend this Complaint to include such additional parties as defendants.

## FIRST CAUSE OF ACTION
## BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS, TRUST AGREEMENTS, AND VIOLATION OF ERISA (AGAINST SHELDON MECHANICAL)

13.    Plaintiffs hereby incorporate by this reference paragraphs 1 through 12 above, inclusive of any and all subparagraphs, to the same effect as if set forth

verbatim.

14.     By the terms and provisions of the ARCA/MCA Agreement and Trust Agreements, and at all times material herein, Sheldon Mechanical agreed, and was obligated to the following:

A.     Prepare and submit true, complete and accurate written monthly contribution reports ("Reports") to Plaintiffs on a timely basis showing: i) the identities of employees performing work covered by the ARCA/MCA  Agreement on which fringe benefit contributions are owed, ii) the number of hours worked by these employees, iii) the rates of contribution payments, iv) the character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked by employees, the proper calculation of fringe benefit contributions, benefits and/or withholdings attributable to the same employees.  Such monthly contribution reports are due on the 10th day of each successive month;

B.     Pay to Plaintiffs fringe benefit contributions and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees.  These amounts are considered delinquent if not received by Plaintiffs by the 15th of the month succeeding the month in which the work was performed.  These amounts are due and payable at Plaintiffs' administrative offices in Orange, California; and

C.     Permit Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions have been properly paid pursuant to the ARCA/MCA Agreement and Trust Agreements.

15.     Sheldon Mechanical is an "*employer*" and a "*contractor*" as those terms are understood in the ARCA/MCA Agreement and Trust Agreements.

16.     Sheldon Mechanical is an "*employer*" as defined and used in section 3(5) of ERISA [29 U.S.C. § 1002(5)].

17.     Section 515 of ERISA [29 U.S.C. § 1145], provides that "*every employer who is obligated to make contributions to a multiemployer plan under the terms of the*

*plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.*"  Pursuant to section 515 of ERISA [29 U.S.C. § 1145], Sheldon Mechanical is obligated to make contributions to Plaintiffs.

18.    Sections 429 of ERISA [29 U.S.C. § 1059], provides that "*every employer shall … maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees.*"  Pursuant to section 429 of ERISA [29 U.S.C. § 1059], Sheldon Mechanical was obligated to maintain records sufficient to allow Plaintiffs to determine the fringe benefit contributions owed by Sheldon Mechanical to Plaintiffs, and the benefits due to the employees of Sheldon Mechanical.

19.    Plaintiffs are informed and believe and thereon allege that during the four-year period prior to the filing of this Complaint, Sheldon Mechanical performed work covered by the ARCA/MCA  Agreement, but Sheldon Mechanical failed to report or pay fringe benefit contributions to Plaintiffs based on this work.  Sheldon Mechanical's failure to report and pay fringe benefit contributions to Plaintiffs is a breach of the ARCA/MCA Agreement and Trust Agreements and is a violation of section 515 of ERISA [29 U.S.C. § 1145].   The full extent of fringe benefit contributions owed by Sheldon Mechanical is presently unknown to Plaintiffs, but this amount will be established by proof.

20.    Plaintiffs are informed and believe and thereon allege, that at all times material herein Sheldon Mechanical has been "*delinquent,*" as that term is used in the ARCA/MCA Agreement and/or related Trust Agreements.

21.    Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, this Court shall award the plan: (i) the unpaid contributions; (ii) interest on the unpaid contributions; (iii) liquidated damages ; (iv) reasonable attorneys' fees and costs; and (v) such other legal or equitable relief as this Court deems appropriate.   Interest on unpaid

contributions shall be determined by using the rate provided under the plans.

22.     Pursuant to the ARCA/MCA  Agreement, Trust Agreements, and section 502(g)(2)(C) of ERISA [29 U.S.C. § 1132(g)(2)(C)], Sheldon Mechanical is obligated to pay to Plaintiffs liquidated damages for the detriment caused by Sheldon Mechanical's failure to pay fringe benefit contributions in a timely manner.  Pursuant to the written Joint Collection Policy and Procedures ("Joint Collection Policy") promulgated by the Local Trusts pursuant to the authority granted to them by the ARCA/MCA Agreement and Trust Agreements, liquidated damages are assessed at ten percent (10%) of the unpaid or untimely fringe benefit contributions.  However, if a lawsuit is filed to collect the fringe benefit contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or late fringe benefit contributions. Pursuant to Article VI, Section 5 of the Restated Agreement and Declaration of Trust promulgated by the National Trust, an Employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be obligated to pay liquidated damages in the amount of 10% of the amount due. Pursuant to Article VI, Section 6 of the Restated Trust Agreement promulgated by the International Trust, and at the discretion of the Trustees, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement within ten (10) calendar days of the due date shall be obligated to pay liquidated damages for each monthly report due in the amount of twenty percent (20%) of the amount due.   The amount of liquidated damages owed each Plaintiff by Sheldon Mechanical will be established by proof.

23.     Pursuant to the ARCA/MCA   Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(B) of ERISA [29 U.S.C. § 1132(g)(2)(B)], Sheldon Mechanical owes Plaintiffs interest calculated at the rate of 12% per annum on all unpaid or untimely fringe benefit contributions from the dates the sums were originally due or should have been paid to Plaintiffs, until actually paid.  The amount of interest owed by Sheldon Mechanical will be established by proof.

24.     By the ARCA/MCA Agreement, Trust Agreements, Joint Collection Policy, and section 502(g)(2)(D) of ERISA [29 U.S.C. § 1132(g)(2)(D)], Sheldon Mechanical agreed that in the event of any delinquency, it would pay all legal and auditing fees and costs in connection therewith, whether incurred before or after litigation is commenced.  Plaintiffs have incurred legal and auditing fees and costs as a result of Sheldon Mechanical's failure to pay fringe benefit contributions to Plaintiffs.  The full amount of the legal and auditing fees and costs due and payable has not been ascertained at this time.  These amounts shall be established by proof.

25.     By the ARCA/MCA Agreement and Trust Agreements, Sheldon Mechanical agreed in the event it failed to pay fringe benefit contributions or otherwise comply with the terms and provisions of those agreements, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs are entitled to such good faith deposit and delivery of monies or bond from Sheldon Mechanical. The amount of the good faith deposit or bond will be established by proof at trial.

26.     Pursuant to section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs shall also request the Court to:

        A.     Order Sheldon Mechanical, and its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid fringe benefit contributions owed to the Plaintiffs and identify all property, real or personal, tangible or intangible, that are the result, whether in whole or in part, of the use of any contributions owed to the Plaintiffs;

        B.     Order Sheldon Mechanical, and its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

        C.     Order the creation of a constructive trust on all applicable property, and order the transfer of the applicable property to Plaintiffs; and

D.     Order Sheldon Mechanical, and its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid fringe benefit contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

**SECOND CAUSE OF ACTION**

**BREACH OF ERISA FIDUCIARY DUTIES**

**(AGAINST DANIEL BOUTE AND STANLEY NISENSON)**

27.     Plaintiffs hereby incorporate by this reference paragraphs 1 through 26 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

28.     A portion of the fringe benefit contributions required to be paid by Sheldon Mechanical to Plaintiffs are monies funded exclusively by contributions from participating employers, without deduction from the covered employees' paychecks. The remaining portion of the fringe benefit contributions required to be paid by Sheldon Mechanical to Plaintiffs are monies funded exclusively by deductions from covered employees' compensation.  Sheldon Mechanical has granted one or more of its representatives, employees or others access to all fringe benefit contributions.

29.     Plaintiffs are informed and believe, and thereon allege, that Daniel Boute and Stanley Nisenson are responsible managing officer, corporate officer, corporate director, controlling shareholder, and/or the beneficial owners of Sheldon Mechanical and, as such, accrue a direct beneficial and pecuniary interest in the activities and, ultimately, the success of Sheldon Mechanical.  Plaintiffs are informed and believe, and thereon allege, that Daniel Boute and Stanley Nisenson are responsible for the day-to-day operations of Sheldon Mechanical and are responsible for all, or a majority of, the decisions pertaining to the payment of fringe benefit contributions to Plaintiffs, including decisions: (a) whether to deduct certain funds from employees' paychecks; (b) whether or not to pay such funds to Plaintiffs; (c) if payment is to be made, when to pay such funds; and (d) how to use such funds pending payment to Plaintiffs.

30.     Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)] provides that "*a person [or entity] is a fiduciary with respect to a plan to the extent (i) he . . . exercises any discretionary authority or control respecting ... disposition of its assets ... .*" Employee contributions, as opposed to employer contributions, payable by Sheldon Mechanical to Plaintiffs are fund assets under ERISA.  Plaintiffs are informed and believe, and thereon allege, that Daniel Boute and Stanley Nisenson exercised discretionary authority or control respecting fund assets.  Plaintiffs are informed and believe, and thereon allege, that Daniel Boute and Stanley Nisenson were, and are, unnamed "*fiduciar[ies]*" pursuant to section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby are individually, and separately from Sheldon Mechanical, obligated to the provisions and obligations provided for under ERISA.

31.     Section 404(a)(1)(A) of ERISA [29 U.S.C. § 1104(a)(1)(A)] provides that "*a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and--¶ (A) for exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and ... (D) in accordance with the documents and instruments governing the plan ... .*"  Section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)] provides that "*the assets of a plan shall never inure to the benefit of any Employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries... .*"  The specific duties of a fiduciary are that he/she: (a) shall ensure that "*assets of the plan never inure to the benefit of the employer and shall be held for the exclusive purposes of providing benefits to participants in the plan,*" section 403(c)(1) of ERISA [29 U.S.C. § 1103(c)(1)]; (b) "*shall discharge his duties with respect to a plan solely in the interests of the participants,*" section 404(a)(1) of ERISA [29 U.S.C. § 1104(a)(1)]; and (c) shall not use plan assets in any transaction with "*a party in interest,*" section 406(a)(1) of ERISA [29 U.S.C. § 1106(a)(1)], nor "*in his own interest or for his own account,*" section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)].  ERISA prohibits a fiduciary from making any "*transfer to, or use by or for the benefit of, a party in interest, of any*

1  *assets of the plan*," section 406(b)(1)(D) of ERISA [29 U.S.C. § 1106(b)(1)(D)].

2  Daniel Boute and Stanley Nisenson are "*part[ies] in interest*" with respect to the

3  Trusts. Under ERISA, if a fiduciary uses plan assets to satisfy other business

4  obligations, he or she violates his or her fiduciary duty.

5        32.    Plaintiffs are informed and believe, and thereon allege, that Daniel Boute

6  and Stanley Nisenson breached his/their fiduciary duties and responsibilities by

7  misuse of employee contributions payable to Plaintiffs by either: (a) diverting the

8  contributions to his/their sole and exclusive benefit; and/or (b) diverting the

9  contributions to Sheldon Mechanical's sole and exclusive benefit and his/their indirect

10 benefit, in violation of Plaintiffs', participants' and beneficiaries' rights under ERISA.

11 Plaintiffs are informed and believe, and thereon allege, that such conduct was a breach

12 and violation of ERISA, including, but not limited to, breach of section 404(a)(1)(A)

13 of ERISA [29 U.S.C. § 1104(a)(1)(A)] and section 403(c)(1) of ERISA [29 U.S.C.

14 § 1103(c)(1)].

15       33.    Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that "*[a]ny person*

16 *who is a fiduciary with respect to a plan who breaches any of the responsibilities,*

17 *obligations, or duties imposed upon fiduciaries by this title shall be personally liable*

18 *to make good to such plan any losses to the plan resulting from each such breach, and*

19 *to restore to such plan any profits of such fiduciary which have been made through*

20 *use of assets of the plan by the fiduciary, and shall be subject to such other equitable*

21 *or remedial relief as the court may deem appropriate, including removal of such*

22 *fiduciary.*"  Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)] provides

23 that "*in any action . . . by a . . . fiduciary, the court in its discretion may allow*

24 *reasonable attorneys' fees and costs of action … .*"

25       34.    Plaintiffs are informed and believe, and thereon allege, as a proximate

26 result of the wrongful acts herein alleged, Plaintiffs have been damaged in an amount

27 presently unknown.  Plaintiffs are informed and believe, and thereon allege, that

28 damages are continuing to accrue in an amount presently unknown to them.  Plaintiffs

1    shall present proof of damages at the time of trial.

2           35.    As part of Plaintiffs' judgment, Plaintiffs also request the Court to

3    grant the relief requested in paragraph 26 above.

4    ### THIRD CAUSE OF ACTION

5    ### ENGAGING IN PROHIBITED TRANSACTIONS

6    ### (AGAINST DANIEL BOUTE AND STANLEY NISENSON)

7           36.    Plaintiffs hereby incorporate by this reference paragraphs 1 through 35

8    above, inclusive of any and all subparagraphs, to the same effect as if set forth

9    verbatim.

10          37.    Plaintiffs are informed and believe, and thereon allege, that Daniel Boute

11   and Stanley Nisenson were, and are, unnamed "*fiduciar[ies]*" pursuant to section

12   3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)], and thereby are individually, and

13   separately from Sheldon Mechanical, obligated to the provisions and obligations

14   provided for under ERISA.

15          38.    Section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)], provides

16   that "*a fiduciary with respect to a plan shall not cause the plan to engage in a*

17   *transaction, if he knows or should know that such transaction constitutes a direct or*

18   *indirect--¶ (D) transfer to, or use by or for the benefit of, a party in interest [an*

19   *employer, etc.], of any assets of the plan ... .*" Section 406(b)(1) of ERISA [29 U.S.C.

20   § 1106(b)(1)], provides that "*a fiduciary with respect to a plan shall not--¶ (1) deal*

21   *with the assets of the plan in his own interest or for his own account ... .*" Daniel

22   Boute and Stanley Nisenson are "*part[ies] in interest.*"  Under ERISA, if a fiduciary

23   uses plan assets to satisfy other business obligations, he or she violates his or her duty.

24          39.    Plaintiffs are informed and believe, and thereon allege, that Daniel Boute

25   and Stanley Nisenson have engaged in prohibited transactions by misuse of employee

26   contributions payable to Plaintiffs by either: (a) diverting the contributions to his/their

27   sole and exclusive benefit; and/or (b) diverting the contributions to Sheldon

28   Mechanical's sole and exclusive benefit and its indirect benefit, in violation of

Plaintiffs', participants' and beneficiaries' rights under ERISA. Plaintiffs are informed and believe, and thereon allege, that such conduct was a breach and violation of ERISA, including, but not limited to, breach of section 406(a)(1)(D) of ERISA [29 U.S.C. § 1106(a)(1)(D)] and section 406(b)(1) of ERISA [29 U.S.C. § 1106(b)(1)].

40.   Section 409 of ERISA [29 U.S.C. § 1109(a)], provides that "*[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.*"  Similarly, section 502(g)(1) of ERISA [29 U.S.C. § 1132(g)(1)], provides that "*in any action … by a … fiduciary, the court in its discretion may allow reasonable attorneys' fees and costs of action … .*"

41.   Plaintiffs are informed and believe, and thereon allege, as a proximate result of the wrongful acts herein alleged, Plaintiffs have been damaged in an amount presently unknown.  Plaintiffs are informed and believe, and thereon allege, that damages are continuing to accrue in an amount presently unknown to Plaintiffs. Plaintiffs shall present proof of damages at the time of trial.

42.   As part of Plaintiffs' judgment, Plaintiffs shall also request the Court to grant the relief requested in paragraph 26 above.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

**(AGAINST SHELDON MECHANICAL)**

43.   Plaintiffs hereby incorporate by this reference paragraphs 1 through 42 above, inclusive of any and all subparagraphs, to the same effect as if set forth verbatim.

44.   The ARCA/MCA Agreement requires Sheldon Mechanical to pay to

PIPE certain amounts for each hour worked by Sheldon Mechanical's employees performing work covered by the ARCA/MCA Agreement. Plaintiffs are informated and believe, and thereon allege that Sheldon Mechanical has failed to pay contributions due under the ARCA/MCA Agreement to PIPE, which amounts shall be established by proof.

45.     Pursuant to the ARCA/MCA Agreement and Joint Collection Policy, Sheldon Mechanical is obligated to pay to liquidated damages on all unpaid or delinquent contributions (including those amounts due to PIPE.  Pursuant to the Joint Collection Policy liquidated damages are assessed at ten percent (10%) of the unpaid or untimely contributions.  However, if a lawsuit is filed to collect the contributions, the Joint Collection Policy provides for liquidated damages assessed at twenty percent (20%) of the unpaid or untimely amounts.  The amount of liquidated damages owed by Sheldon Mechanical will be established by proof.

46.     Pursuant to the Trust Agreement and Joint Collection Policy, Sheldon Mechanical owes PIPE interest at 18% per annum on all unpaid or delinquent contributions from the dates the sums were originally due or should have been paid to PIPE until paid.  The amount of interest owed by Sheldon Mechanical will be established by proof.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For unpaid fringe benefit contributions and other damages for breach of contract as established by proof;

2.     For liquidated damages as established by proof;

3.     For interest calculated at the rate of 12% per annum, or other applicable legal rate, on all fringe benefit contributions due from their respective due dates, or the dates said fringe benefit contributions should have been paid, until paid, except for PIPE where the established interest rate is 18% per annum,  plus additional amounts as established by proof;

1      4.     For special damages in amounts as proved;

2      5.     For damages for breach of contract as proved;

3      6.     For Plaintiffs' audit costs, plus additional amounts as established by

4  proof;

5      7.     For Plaintiffs' reasonable attorneys' fees in amounts as proved;

6      8.     For costs of suit incurred herein; and

7      9.     For such additional relief as this Court deems just and proper, including,

8  but not limited to, the following:

9          A.     An Order directing defendants, his/its/their representatives, agents

10  and associates, to provide a full and complete accounting for, and tracing the use of

11  all unpaid fringe benefit contributions and identify all property, real or personal,

12  tangible or intangible, that are the result, whether in whole or in part, of the use of any

13  unpaid fringe benefit contributions;

14          B.     An Order for the creation of a constructive trust on all applicable

15  property, and an Order for the transfer of the applicable property to Plaintiffs; and

16          C.     An Order directing defendants, his/its/their representatives, agents

17  and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited

18  to, the unpaid fringe benefit contributions, benefits, withholdings, damages, legal fees,

19  audit fees and other expenses and damages incurred.

20  Dated: April 30, 2020       Kathryn J. Halford

21                          Jeffrey L. Cutler

22                          Elizabeth Rosenfeld
                             WOHLNER KAPLON CUTLER

23                          HALFORD & ROSENFELD

24                          By: */s/ Kathryn J. Halford*

25                          Attorney for Plaintiffs
                             BOARD OF TRUSTEES OF THE

26                          AIRCONDITIONING AND REFRIGERATION

27                          INDUSTRY HEALTH AND WELFARE TRUST
                             FUND; BOARD OF TRUSTEES OF THE

28                          AIRCONDITIONING AND REFRIGERATION

1
2
3
4
5
6
7
8
9

INDUSTRY RETIREMENT TRUST FUND;
BOARD OF TRUSTEES OF THE
AIRCONDITIONING AND REFRIGERATION
INDUSTRY DEFINED CONTRIBUTION
RETIREMENT PLAN; BOARD OF TRUSTEES
OF THE PIPING INDUSTRY PROGRESS AND
EDUCATION FUND; BOARD OF TRUSTEES OF
THE JOINT JOURNEYMAN AND APPRENTICE
TRAINING TRUST FUND; BOARD OF
TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND and
BOARD OF TRUSTEES OF THE
INTERNATIONAL TRAINING FUND

10
11

## **WAIVER OF JURY TRIAL**

12
13

        Plaintiffs waive a jury trial in this action.

14

Dated: April 30, 2020

15
16

Kathryn J. Halford
Jeffrey L. Cutler
Elizabeth Rosenfeld
WOHLNER KAPLON CUTLER
HALFORD & ROSENFELD

17
18

By: */s/ Kathryn J. Halford*

19
20
21
22
23
24
25
26
27
28

Trial Counsel for Plaintiffs
BOARD OF TRUSTEES OF THE
AIRCONDITIONING AND REFRIGERATION
INDUSTRY HEALTH AND WELFARE TRUST
FUND; BOARD OF TRUSTEES OF THE
AIRCONDITIONING AND REFRIGERATION
INDUSTRY RETIREMENT TRUST FUND;
BOARD OF TRUSTEES OF THE
AIRCONDITIONING AND REFRIGERATION
INDUSTRY DEFINED CONTRIBUTION
RETIREMENT PLAN; BOARD OF TRUSTEES
OF THE PIPING INDUSTRY PROGRESS AND
EDUCATION FUND; BOARD OF TRUSTEES OF
THE JOINT JOURNEYMAN AND APPRENTICE
TRAINING TRUST FUND; BOARD OF

1

TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND and
BOARD OF TRUSTEES OF THE
INTERNATIONAL TRAINING FUND

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28